# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KESHIA SOPHIA ALEVRAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-cv-12352-AK |
| | ) | |
| SUFFOLK COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

**KELLEY, D.J.**

Plaintiff Keshia Sophia Alevras, who is representing herself, commenced this action on August 25, 2025 by filing a civil complaint and a motion for leave to proceed *in forma pauperis*. The complaint concerns conditions of confinement at the Suffolk County House of Correction, where Alevras was confined at the time.[1]  The motion for leave to proceed *in forma pauperis* remains pending.  Between September 18, 2025 until the present day, Alevras has filed nineteen additional motions, including motions to amend her complaint, motions for appointment of counsel, and motions for extension of time.  At this point, it is difficult to define Alevras's claims.  To help this case move forward, the Court orders as follows:

1.    The Court **GRANTS** the motion for leave to proceed *in forma pauperis*.  [Dkt. 2]. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee in the amount of $10.42.  The remainder of the $350 statutory filing fee ($339.58) shall be collected in

---

[1] Alevras represents that she has been transferred to the Norfolk County Jail, and she asks that her mail be sent to an address in Boston.  [Dkt. 32].  The clerk shall update the docket of this case accordingly.

accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a copy of this order to the treasurer of the institution having custody of Alevras.

2.      If Alevras wishes to continue with this action, she must, within **thirty-five (35)** days, file an amended complaint.  The amended complaint will completely replace the original complaint and any claims in her motions to amend.  The Court will review the sufficiency of the amended complaint without reference to her earlier filings in this case.

The title of the amended complaint must list all the defendants.  If Alevras names more than one defendant in the amended complaint, the claims in the amended complaint must be "related," meaning that the claims "aris[e] of the same transaction, occurrence or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action ." Fed. R. Civ. P. 20(a)(2).

The amended complaint must contain a "short and plain" statement of Alevras's claim or claims for relief.  "Each allegation [in the amended complaint] must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  Alevras must state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  The factual allegations in the amended complaint, treated as true, must show that Alevras is entitled to relief from each defendant.

In other words, when the Court (or a defendant) reviews the amended complaint, it should be clear to the Court who the defendants are and the alleged misconduct of each defendant.  This alleged misconduct, treated as true, must show that Alevras is entitled to relief from each defendant under a specific, identifiable legal theory.

Failure to timely file an amended complaint will result in dismissal of this action without prejudice.  However, Alevras will remain obligated to make payments towards the

2

$350 statutory filing fee regardless of the duration or outcome of this action. See 28 U.S.C. § 1915.

      3.    The motions for appointment of counsel [Dkts. 9, 11] are **DENIED WITHOUT PREJUDICE** to renewal if summonses later issue and the defendants are served with summonses and the amended complaint.

      Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  In addition, the Court does not have funds to pay attorneys.  Instead, the Court must find attorneys who are willing to donate their time.  Thus, the Court generally does not appoint a *pro bono* attorney until the Court is satisfied that the plaintiff's allegations are sufficient to state a claim upon which relief may be granted.

      4.    To the extent not mooted by the above paragraphs, all other pending motions are **DENIED WITHOUT PREJUDICE**.  Alevras is warned against the filing of duplicative motions before the Court has had time to resolve those motions that are pending.  Should Alevras continue to file such motions, the Court will consider limiting their ability to file without prior approval.

      **SO ORDERED.**

Dated: February 9, 2026                    /s/ Angel Kelley_____
                                        Hon. Angel Kelley
                                        United States District Judge